UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES WILLIAM STRICKEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  22-3044 |
| | ) |
| JAMES W. GLASGOW, *et al.* | ) |
| | ) |
| Defendants. | ) |

**<u>MERIT REVIEW ORDER #2</u>**

SUE E. MYERSCOUGH, U.S. District Judge:

The Court dismissed Plaintiff's original complaint with leave to amend. The matter is now before the Court for ruling on Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 9). The motion is granted.

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff sued Will County State's Attorney James W. Glasgow, the Will County Sheriff's Office, and a private defense attorney for issues that apparently arose from his arrest in September 2021, temporary license plates, and a missed insurance payment. The remainder of Plaintiff's allegations appear related to whether Defendants are entitled to immunity from suit.

Plaintiff does not provide sufficient information for the Court to find that he states a constitutional claim. Prosecutors are entitled to absolute immunity "for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause." *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017). Defense attorneys are not state actors for purposes of lawsuits brought under § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). In addition, the alleged violations appear to have

occurred in another judicial district. *See* 28 U.S.C. § 93(a)(1) (Will County is in the Northern District of Illinois).

Plaintiff's amended complaint is dismissed for failure to state a claim. Plaintiff is granted one final opportunity to file an amended complaint to provide any information he wishes the Court to consider. Plaintiff's amended complaint must contain all allegations against all defendants he intends to sue without reference to any prior pleadings.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File Amended Complaint [9] is GRANTED. The Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

2) **Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

Entered: March 27, 2023

For the Court:

*s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE