UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KEVIN LEE OWENBEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-2221 |
| | ) | |
| JEROME COMBS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff proceeds pro se from pretrial detention in Sangamon County, Illinois.

Plaintiff's Motion for Status of Case (#6) and Motion for a Merit Hearing (#10) are moot with entry of this Order.

Plaintiff's Motion for Leave to File Amended Complaint (#7) is granted. The Clerk is to docket (#7) as Plaintiff's Amended Complaint.

Plaintiff's Motion for Leave to Proceed in Forma Pauperis (#8) is moot, as the Court granted Plaintiff leave to so proceed on December 23, 2022.

Plaintiff's Motion for Appointment of Counsel (#9) is denied with leave to refile as the case progresses. The Court determines that Plaintiff has made a reasonable effort to secure counsel based on the letters he attaches to his motion. The Court also finds, based on the clarity of Plaintiff's pleadings and the early stage of this case, that Plaintiff is competent to represent himself in this action at this time. If, as the case moves into later stages, Plaintiff believes he needs the assistance of counsel he may renew his

motion and the Court will again consider it. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

The case is now before the Court for a merit review of Plaintiff's Amended Complaint. The Court must "screen" Plaintiff's complaint, and through that process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he was charged with aggravated battery on November 8, 2019. He pleaded guilty in Kankakee County, Illinois, Circuit Court on April 1, 2022. He alleges he was sentenced to three years at fifty percent and was granted credit for 875 days' time actually served. Plaintiff alleges that he had thus already served his sentence at the time of his sentencing. Plaintiff alleges he filed numerous grievances at Jerome Combs Detention Center, Stateville Correctional Center, and Robinson Correctional Center, related to his allegedly miscalculated or misapplied sentence, and received no response. Plaintiff was released on September 20, 2022.

The Court has reviewed the docket sheet in Plaintiff's underlying criminal case, Kankakee County Case No. 2019CF789, which is a public record that cannot reasonably be called into question and is thus appropriately considered by the Court. That record shows that from the time Plaintiff was sentenced, April 1, 2022, through September 14, 2022, six days prior to his release, Plaintiff appeared numerous times in Kankakee County Circuit Court, represented by counsel Bart Beals, on motions to amend the trial court's mittimus, and several amended judgments were entered. This raises the question of whether Plaintiff's alleged injuries were caused by prison officials, or by state court orders (which Plaintiff would have to address through the Illinois Appellate Court rather than in this Court).

The Court finds Plaintiff's allegations could state plausible Eighth Amendment and Fourteenth Amendment claims based on his alleged detention beyond the end of his sentence. *Wells v. Caudill*, 967 F.3d 598, 602 (7th Cir. 2020); *Brzowski v. Sigler*, No. 17 C 9339, 2021 WL 2529569, at *9 (N.D. Ill. June 21, 2021).

However, Plaintiff does not identify as a defendant any person he believes is responsible for his possible claims. Plaintiff names only jails and prisons he was held at, and these entities are not proper parties under § 1983. Instead, Plaintiff must sue a person, or persons, who he believes personally caused the alleged violation of his rights. *Wright v. Porter County*, 2013 WL 11761909, *2 (N.D. Ind. Mar. 19, 2013); *Matz v. Klotka*, 769 F.3d 517, 530 (7th Cir. 2014).

Plaintiff's amended complaint is dismissed for failure to state a claim. Plaintiff is granted one final opportunity to file a second amended complaint to provide any

information he wishes the Court to consider. Plaintiff's second amended complaint must contain all allegations against all defendants he intends to sue without reference to any prior pleadings.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Appointment of Counsel [9] is DENIED.**

2) **Plaintiff's Motion for Leave to File Amended Complaint [7] is GRANTED. The Clerk is directed to docket [7] as Plaintiff's amended complaint.**

3) **Plaintiff's Motion for Status [6], Motion for Leave to Proceed in Forma Pauperis [8], and Motion for Merit Hearing [10] are MOOT.**

4) **Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file a second amended complaint. Failure to file a second amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's second amended complaint will replace Plaintiff's amended complaint in its entirety. The second amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

Entered this 5th day of April, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
